IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES            )
                         ) CR 12-38
v.                       ) CV 17-151
                         )
SHANTELL LAMONT JONES

**MEMORANDUM ORDER**

In this action, Defendant pleaded guilty to two Counts of violating 21 U.S.C. § 841.[1] On March 13, 2013, he was sentenced to 168 months of imprisonment at each Count, to run concurrently. The Court of Appeals affirmed this Court's judgment. Defendant filed a pro se Motion to Vacate on June 19, 2014. Counsel was appointed, and the proceedings were stayed at Defendant's request pending Johnson v. United States, 135 S. Ct. 2551 (2015). After Johnson, Defendant sought and received a stay pending Mathis v. United States, 136 S. Ct. 2243 (2016). The stay specifically excluded Defendant's filing of an Amended Motion based on Johnson, and Defendant filed a counseled Amended Motion asserting a Johnson claim. After the parties fully briefed the impact of Johnson and Mathis, on March 6, 2017, the Supreme Court decided Beckles v. United States, 137 S. Ct. 886 (2017). On March 27, 2017, Defendant moved to voluntarily withdraw his Motion to Vacate. The Court granted the Motion, deeming the petition withdrawn without prejudice. On June 15, 2017, Defendant filed a pro se Motion to Vacate, which is now before the Court.

---

[1] Judge McLaughlin, and then Judge Cohill and Judge Cercone, presided over this matter until it was transferred to my docket on February 2, 2018.

1

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004). Further, I have considered Defendant's submissions in accordance with well-established liberal standards applicable to pro se pleadings. In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

As a threshold matter, the Government asserts that Defendant's Motion is an impermissible second or successive petition. A "second or successive [Section 2255] motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals…. " 28 U.S.C. § 2255(h). Without the appropriate certification, the District Court lacks jurisdiction to consider a second or successive petition. Kunz v. AG of N.J., No. 16-8817, 2017 U.S. Dist. LEXIS 793, at *5 (D.N.J. Jan. 4, 2017). Thus, when an initial Section 2255 petition is withdrawn, "it is vital to determine whether [it]…was 'the real thing'" and bars a subsequent filing. Potts v. United States, 210 F. 3d 770, 770 (7th Cir. 2000).

Our Court of Appeals has not definitively ruled on when a voluntarily withdrawn petition "counts" as a first, but it has indicated that the issue depends on why the petition was withdrawn. United States v. Doe, 810 F.3d 132 (3d Cir. 2015) (citing Thai v. United States, 391 F.3d 491,

495 (2d Cir. 2004)). This focus accords with the approaches of other Circuits. For example, according to the Seventh Circuit, a petitioner should not "be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." Felder v. McVicar, 113 F.3d 696, 698 (7th Cir. 1997). Similarly, the Second Circuit has held that when a § 2255 motion is voluntarily withdrawn, it "counts" as a first motion if "the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless." Thai, 391 F.3d at 495. The Sixth Circuit, in turn, has held that "if a prisoner voluntarily withdraws an initial § 2255 motion 'in the face of looming defeat,'" a subsequent Section 2255 motion is second or successive. In re Robertson, No. 17-3978, 2018 U.S. App. LEXIS 1383, at *2 (6th Cir. Jan. 19, 2018). Under this approach, a court considering this issue may reflect on circumstances such as the state of the law at the time that the subject motion was made, and when it was withdrawn. United States v. Wilson, No. 11-cr-00333, 2017 U.S. Dist. LEXIS 128489, at *2-3 (D. Nev. Aug. 11, 2017); see also United States v. Christian, 2013 U.S. Dist. LEXIS 35156, at **10-11 (W.D. Pa. Mar. 14, 2013).

Here, at all pertinent times, Defendant was represented by capable and experienced counsel. Defendant's Motion was fully briefed, following stays based on Mathis and Johnson. In the interim, Beckles was handed down. Weeks later, counsel, who had otherwise vigorously pursued Defendant's cause, sought to withdraw the Motion. Under all of the surrounding circumstances, the withdrawn Motion cannot be thought of as an abortive filing. Instead, it appears that Defendant withdrew his petition when it appeared that it would be denied on its merits. Otherwise stated, "[t]hese facts raise a fair inference that Petitioner's decision to withdraw his first § 2255 motion was based on his understanding that Beckles left him with no

avenue for relief." Stevenson v. United States, No. 17-0580, 2017 U.S. Dist. LEXIS 138327, at *5 (W.D.N.Y. Aug. 25, 2017). The fact that the withdrawal was accomplished without prejudice does not alter the analysis. Id. at *6. Accordingly, the present Section 2255 Motion is an impermissible second or successive filing, which this Court is without authority to adjudicate at this time. As a result of this disposition, I do not reach the Government's timeliness or substantive challenges to Defendant's Motion.

Defendant's Motion will be denied. No certificate of appeal shall issue pursuant to 28 U.S.C. § 2253, as jurists of reason would not find today's decision debatable. However, today's decision is without prejudice to Defendant to seek the appropriate certification from the Court of Appeals.

AND NOW, this 27th day of April, 2018, IT IS SO ORDERED.

BY THE COURT:

*/s/ Donetta F. Ambrose*
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court